IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERRY MOSIER and )
BARBARA MOSIER, )
 )
      Plaintiffs, )
 )
vs. ) Case No. 10-cv-0771-MJR-DGW
 )
SWIFT TRANSPORTATION )
  COMPANY OF ARIZONA, LLC, )
 )
      Defendant. )

MEMORANDUM AND ORDER
ON THRESHOLD JURISDICTIONAL REVIEW

REAGAN, District Judge:

Following a February 2010 collision involving a vehicle driven by Barbara Mosier (with her husband Jerry as a passenger) and a truck operated by David Wallace (allegedly in the course of his employment), the Mosiers filed a personal injury suit in this Court. The October 5, 2010 complaint named a single Defendant – Wallace's employer, "Swift Transportation Co. of Arizona, LLC." On November 12, 2010, Swift answered (Doc. 9) and filed a counterclaim for contribution against Barbara Mosier (Doc. 10), rendering the case ripe for threshold review by the undersigned Judge.

The Court's first task is to verify that subject matter jurisdiction lies. *See, e.g., Avila v. Pappas*, **591 F.3d 552, 553 (7th Cir. 2010)("The first question in every case is whether the court has jurisdiction");** *Winters v. Fru-Con, Inc.*, **498 F.3d 734, 740 (7th Cir. 2007)("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit.").** *Accord McCready v. White*, **417 F.3d 700, 702 (7th Cir. 2005).**

As the parties seeking this federal forum, Plaintiffs bear the burden of establishing that all jurisdictional requirements are satisfied. *Smart v. Local 702 International Brotherhood of Electrical Workers*, **562 F.3d 798, 802-03 (7th Cir. 2009).** Their complaint invokes diversity jurisdiction under 28 U.S.C. 1332, which requires complete diversity between the parties and an amount in controversy exceeding $75,000. The latter requirement is easily cleared; the complaint seeks over $75,000 in damages. But a question exists which prevents the Court from verifying that the parties are completely diverse.

The complaint establishes that both Plaintiffs are Illinois citizens. However, Defendant Swift is sued as a limited liability company or "LLC," and the complaint does not fully identify the citizenship of the LLC. Plaintiffs plead that "upon information and belief, [Swift] is a citizen of the State of Delaware and Arizona" (Doc. 2, p. 1).

Seventh Circuit law instructs that (for diversity purposes), the citizenship of an LLC is the citizenship of *each of its members*. *Hukic v. Aurora Loan Services*, **588 F.3d 420, 427 (7th Cir. 2009);** *Thomas v. Guardsmark, LLC,* **487 F.3d 531, 534 (7th Cir. 2007);** *Camico Mut. Ins. Co. v. Citizens Bank*, **474 F.3d 989, 992 (7th Cir. 2007).**

Before this Court can determine that subject matter jurisdiction lies (which leads to assigning a "track" and a firm trial date to the case), Plaintiffs' counsel must furnish additional information needed to pin down Defendant Swift's citizenship.

Accordingly, the Court **DIRECTS** Plaintiffs' counsel to file a First Amended Complaint which clearly identifies Swift's state(s) of citizenship – i.e., the citizenship of each of Swift's members – no later than **December 15, 2010.**

IT IS SO ORDERED.

DATED November 15, 2010.

            s/ *Michael J. Reagan*
            Michael J. Reagan
            United States District Judge